UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAQUANE EDWARD WILSON,

    Defendant.
_____/

Case No. 1:22-cr-130

HON. JANE M. BECKERING

### MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (ECF No. 45, corrected by ECF No. 47). For the following reasons, the Court grants the motion.[1]

### I. BACKGROUND

Defendant pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(C), and this Court sentenced him on February 22, 2023 to an 87-month term of imprisonment (Judgment, ECF No. 39).

After Defendant's sentencing, the United States Sentencing Commission issued Sentencing Guidelines Amendment 821, which has an effective date of February 1, 2024, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "Status Points" in

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

Sentencing Guidelines § 4A. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 31, 2024). Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. *Id.*

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence. Pursuant to this Court's Order, the Probation Office prepared a Sentence Modification Report, which was filed under restricted access (ECF No. 51). Defendant filed a Response to the Sentence Modification Report (ECF No. 53), and the government filed a response to Defendant's motion (ECF No. 54).

## II. ANALYSIS

### A. Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones,*

2

*supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## B.  Discussion

Defendant argues that his sentence should be reduced, as reflected in the Sentence Modification Report, under Part B of Amendment 821, which created a new guideline found at U.S.S.G. § 4C1.1 (ECF No. 53 at PageID.234). The government agrees that Defendant is eligible for a sentence reduction and also requests that his sentence be modified according to the Sentence Modification Report's recommendation of a sentence of 70 months, which reflects the § 4C1.1 two-level reduction (ECF No. 54 at PageID.245). The parties do not disagree that with the application of Amendment 821, the Amended Guideline range is 70–87 months imprisonment (ECF No. 53 at PageID.234; ECF No. 54 at PageID.245). *See* U.S.S.G. §§ 4C1.1 (Adjustment for Certain Zero-Point Offenders).

Amendment 821 adds a new section, 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

3

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848

(*id.* ¶ (a)).  At the time of sentencing, Defendant's prior criminal convictions resulted in a criminal history score of zero (ECF No. 34 at PageID.92).  Applying Amendment 821, Defendant (1) did not receive any criminal history points under Chapter 4; (2) did not receive an adjustment under § 3A1.4; (3) did not use violence or credible threats of violence; (4) did not cause death or serious bodily injury; (5) did not commit a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or dangerous weapon; (8) did not commit an offense involving individual rights; (9) did not receive an adjustment under § 3A1.1 or § 3A1.5; and (10) did not receive an adjustment under § 3B1.1 and was not engaged in a continuing criminal enterprise.  *See generally,*

4

ECF No. 51.  Because Defendant meets all of these criteria, under Amendment 821, he qualifies for a two-level reduction to his total offense level.

At the time of his sentencing, Defendant's advisory guideline range was 87–108 months' imprisonment, based upon a total offense level of 29 and a criminal history category of I.  *See* ECF No. 51 at PageID.205.  Reducing Defendant's total offense level by two results in a total offense level of 27, which, with a criminal history category of I, results in an amended guideline range of 70 to 87 months.  *See* U.S. Sent'g Guidelines, Sent'g Table.  Thus, Defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court determines that a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  *See* U.S.S.G. § 1B1.10(a)(1) (where the "guideline range applicable" to the defendant "has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment).

Last, the Court finds that a reduction of Defendant's sentence is warranted under the factors set forth in § 3553(a).  The Court has considered the nature and circumstances of Defendant's offense and his history and characteristics.  The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect to protect the public from further crimes of Defendant, and to provide Defendant with needed education and training, medical care, or other correctional treatment.  Further, the Court has considered the kinds of sentences available, the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims.  *See* 18 U.S.C. § 3553(a).  The Court has also considered the danger to

5

the public as the result of any reduction in Defendant's sentence, the seriousness of Defendant's offense, and the need to protect the public.

The parties have informed the Court that while in custody, Defendant has maintained clear conduct, has earned his GED, has completed at least five other educational classes, and is enrolled in substance abuse treatment (ECF No. 51 at PageID.207; ECF No. 53 at PageID.235). According to a recent Bureau of Prisons Progress Report, Defendant "has not been a management concern," and "has a positive attitude and good communication skills" (BOP Progress Report, ECF No. 53-1 at PageID.239). Defendant has incurred no disciplinary sanctions while in custody (ECF No. 51 at PageID.207).

Accordingly, after considering § 1B1.10 and the relevant § 3553(a) factors, the Court finds that a reduction in Defendant's sentence is appropriate pursuant to Amendment 821. Defendant was previously sentenced to 87 months, at the bottom of the guideline range, and thus, an appropriate reduced sentence would be 70 months, at the bottom of the amended guideline range. Therefore:

**IT IS HEREBY ORDERED** that Defendant's motion for modification or reduction of sentence (ECF No. 45, corrected by ECF No. 47) is GRANTED and his sentence is REDUCED to 70 months' imprisonment. All other terms and conditions of this Court's February 22, 2023 Judgment remain the same.

Dated: February 29, 2024                                    /s/ Jane M. Beckering
                                                             JANE M. BECKERING
                                                             United States District Judge